966 F.2d 1441
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John R. BEARD, Plaintiff-Appellee,
v.
TMG LIFE INSURANCE COMPANY, formerly known as Association
Life Insurance Company, Incorporated, Defendant-Appellant.
 No. 91-1808.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 3, 1992
Decided: July 6, 1992
As Amended July 22, 1992.
 
 Argued: John Charles Thomas, Edward J. Fuhr, Hunton & Williams, Richmond, Virginia, for Appellant.
 William Beverly Poff, Woods, Rogers & Hazlegrove, Roanoke, Virginia, for Appellee.
 On Brief: Jennings G. Ritter, II, Hunton & WILLIAMS, Richmond, Virginia, for Appellant.
 Thomas A. Leggette, Frank K. Friedman, Randy V. Cargill, Woods, Rogers & Hazlegrove, Roanoke, Virginia, for Appellee.
 Before NIEMEYER and LUTTIG, Circuit Judges, and GARBIS, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 John R. Beard brought this suit in the United States District Court for the Western District of Virginia pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 10011461, seeking to enforce his health insurance contract with the TMG Life Insurance Company. On April 4, 1991, TMG rescinded Beard's contract on the grounds that he had made "material misstatements" with regard to his health condition on his application for insurance. The district court ruled that Beard had made no"material misstatements"* and therefore awarded enforcement of the contract. The court also awarded attorney's fees to Beard under the test enunciated in our decision in Reinking v. Philadelphia Am. Life Ins. Co., 910 F.2d 1210 (4th Cir. 1990).
 
 
 2
 The relevant facts are recited in the district court's opinion. J.A. at 183-90. It appears that Beard went to his internist, Dr. Grove, on February 12, 1990, for a general physical after a cholesterol screening at his health club revealed an elevated cholesterol level. Id. at 185. At this physical, Beard reported symptoms of persistent indigestion, recurrent induced vomiting to relieve that indigestion, and some abdominal pain radiating down to his left testicle. Id. at 185, 260, 653, 655. Dr. Grove also identified a "nondistinct firmness" in Beard's abdomen. Id. at 185, 655. As a result, Dr. Grove ordered an abdominal ultrasound to look at the pancreas and left kidney, a blood panel, an EKG, and a urinalysis. Id. at 655.
 
 
 3
 Upon receipt of these test results the next day, Dr. Grove wrote Beard a letter stating that the pancreas appeared normal and that there was no mass or enlargement in the abdomen; the letter also suggested the continued use of antacids to relieve Beard's persistent indigestion. Id. at 656. Through subsequent conversations with Dr. Grove and his office, Beard was led to believe that no further investigation or treatment was necessary. Id. at 230-31.
 
 
 4
 On March 28, 1990, Beard met with Mr. Manly Aylor, an insurance agent, to fill out an application for health insurance coverage with TMG. Id. at 184. Aylor filled out the form with information provided by Beard. Id. Apparently, Aylor asked Beard if he had seen a doctor "within six months," and Beard told Aylor about his physical examination and the results. Id. at 240. Aylor wrote down that Beard had had a "Full Physical Exam 6 [months] ago-Routine, Checked Out-O.K.," and provided Dr. Grove's name and address. Id. at 660. Earlier on the application, Aylor also noted that Beard had not had an abnormal physical examination within the last five years and was not "contemplating any medical attention or ... taking any medication." Id. at 659.
 
 
 5
 TMG accepted Beard's application on May 1, 1990. On January 24, 1991, Beard returned to Dr. Grove complaining of abdominal discomfort. Id. at 661. Beard was soon diagnosed as having lymphoma, with a large cancerous mass in his left abdomen area. TMG rescinded Beard's policy on April 4, 1991, on the grounds that Beard had not "accurately describe[d] [his] medical history" and had TMG known about "a past history of undiagnosed abdominal pain ... coverage 6350 35 1 would not have been approved." Id. at 706.
 
 
 6
 Under Virginia law, when an insurance contract provides that an applicant must give answers that are true and complete "to the best of his knowledge," the insurer must prove that any answer is both material and knowingly false in order to justify rescission. Old Republic, 195 S.E.2d at 856. Upon a thorough review of the record and the arguments of the parties, we hold that the district court did not err in finding that at the time he completed the application, Beard "could not have reasonably known that he had any health problems whatsoever." J.A. at 188. We also conclude that the district court did not err in finding that Beard's statement that the examination was six months prior to the date of the application was not a knowing, material misrepresentation. Id. Thus, Beard's"responses were true and complete to the best of his knowledge." Id. at 189.
 
 
 7
 Given TMG's conduct in rescinding Beard's contract and then in maintaining this lawsuit, we also conclude that the district court did not abuse its discretion in awarding attorney's fees to Beard under the Reinking test.
 
 
 8
 TMG's final claim is that it received an unfair trial because of the bias of the district judge. TMG asserts two grounds for this claim. First, it argues that the district court "indicated repeatedly at the close of Beard's evidence that he had decided the case against TMG." Appellant's Br. at 41. Second, it contends that the district court impermissibly "ran roughshod over at least two of TMG's witnesses." Id. at 42.
 
 
 9
 A charge of judicial bias is an especially serious charge, an accusation which this court does not take lightly. However, we find TMG's allegations of bias to be wholly without merit.
 
 
 10
 Beard has requested attorney's fees and expenses associated with this appeal. That request is denied.
 
 
 11
 For the reasons stated herein and in the opinion of the district court, J.A. at 183-90, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 Virginia law controls on the question of whether TMG's rescission was proper. 29 U.S.C. § 1144(b)(2)(A). Virginia law provides that
 [n]o statement in an application or in any affidavit made before or after loss under the policy shall bar a recovery upon a policy of insurance unless it is clearly proved that such answer or statement was material to the risk when assumed and was untrue.
 Va. Code Ann. § 38.2-309; see also id. § 38.2-3511(C); Old Republic Life Ins. Co. v. Bales, 195 S.E.2d 854, 856 (Va. 1973) (discussed infra ).